UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
PAUL W. VERNER, VERNER SIMON,
INC.,

            Plaintiffs,

        - against -

PETER J. ANDREWS, DREAMBUILDER
INVESTMENTS, LLC, DBI GROUP
HOLDINGS, LLC, DBI HOLDINGS,
LLC, DBI FUND HOLDINGS, LLC,
2012-1 JV HOLDINGS, LLC, DBI
RESIDENTIAL FUND MANAGEMENT,
LLC, DBI RESIDENTIAL, LLC, DBI
ASSOCIATES, LLC, DBI COINVESTOR
FUND VIII, LLC, DBI FUNDING II,
LLC, DBI FUNDING III, LLC, DBI
GRIES HOLDINGS, LLC, DBI GRIES
MANAGEMENT, LLC, DBI GROUP
HOLDINGS, LLC (DE), DBI GROUP
HOLDINGS, LLC (NY), JV HOLDINGS
2014-1, LLC, JV HOLDINGS 2015-
1, LLC, JV HOLDINGS 2016-1,
LLC, LIBERTY HOLDINGS [NYC],
LLC, ARETE PORTFOLIO
MANAGEMENT, LLC,

            Defendants,

GREGORY PALMER and ROCKINGHAM
CAPITAL GROUP, LLC,

            Relief
            Defendants.

------------------------------X

**MEMORANDUM AND ORDER**

23 Civ. 7275 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Paul Verner and his law firm, Verner Simon, Inc.,
(collectively, "plaintiffs") filed this action asserting claims

for breach of contract, breach of the covenant of good faith and fair dealing, fraud, unjust enrichment, and account stated related to defendants' alleged failure to pay bills for legal services rendered over approximately six years and totaling approximately $700,000.  ECF No. 1 ("Compl.") ¶¶ 1-3.  Defendant Peter Andrews, as well as the numerous defendant entities allegedly under his ownership and control, id. ¶ 13, now move to (1) dismiss this case based on insufficient service, ECF No. 90; (2) compel arbitration, ECF No. 91; (3) dismiss this case based on plaintiffs' alleged breach of the settlement agreement entered into in a prior action before Judge Analisa Torres, id.; see Andrews v. Verner, 19 Civ. 8451 (AT) (S.D.N.Y. Sept. 11, 2019) (the "2019 Action")[1]; and (4) consolidate this case with the 2019 Action, ECF No. 94.

On May 16, 2024, this Court held a telephone conference with counsel for all parties.  Certain matters raised in defendants' motions were resolved during that conference, as described in this

---

[1] That case concerned Verner's representation of Gregory Palmer, Andrews' former business partner and a relief defendant in this case, in an arbitration between Palmer and certain defendants in the instant case, including Andrews.  Andrews brought that lawsuit to disqualify Verner from representing Palmer based on Verner and Andrew's prior attorney-client relationship.  2019 Action, ECF No. 10 ¶ 2.  On February 19, 2020, Judge Torres preliminarily enjoined Verner from representing Palmer, among others, in the arbitration.  Id., ECF No. 75.  The parties ultimately agreed to "a full and final settlement of th[e] case" on August 28, 2020, which permanently barred Verner from representing parties adverse to defendants in that arbitration proceeding.  Id., ECF No. 122 ¶ 3; see also ECF No. 101-1 (the "Settlement Agreement") ¶ 3.

Memorandum and Order.  For the reasons set for forth below, the remainder of defendants' motions are denied.

First, during the May 16, 2024 conference, defendants agreed to withdraw their motion to quash the corporate defendants' waiver of service of the summons and complaint.  ECF No. 90.

Second, defendants' motion to dismiss the complaint based on (1) mandatory arbitration clauses in the "contracts forming the basis of [p]laintiffs' claims" and (2) plaintiffs' alleged violation of a settlement agreement entered into on August 27, 2020 in the 2019 Action was the subject of the telephone conference.  ECF Nos. 91 at 3-4; 101 at 3-4.  Specifically, defendants contend that paragraph 6 of the settlement agreement required plaintiffs to provide Andrews a draft of the proposed complaint and to engage in discussions about the appropriate forum and the potential for mediation before filing the complaint.  Id.

Prior to the conference, at the Court's request, plaintiffs provided all relevant retainer agreements on May 8, 2024.  ECF Nos. 107, 111.  Both parties acknowledge that while all retainer agreements except one contained a mandatory arbitration provision, a large portion of plaintiffs' claims (specifically, $550,000 of $700,000) stem from that one outlier agreement that does not provide for arbitration.  ECF Nos. 111 ¶¶ 3-4; 113.  However,

during the May 16, 2024 conference, neither party expressed an interest in pursuing arbitration for any of the claims in lieu of a referral either to the magistrate judge for settlement discussions and/or to the Court's mediation panel.  Thus, the motion to compel arbitration is denied without prejudice.

As for defendants' motion to dismiss based on plaintiffs' breach of the Settlement Agreement, the motion is denied.  Not only was the breach immaterial, but the issue is now moot given subsequent events.  Both parties conceded during the conference that the purpose of paragraph 6 of the Settlement Agreement was to encourage the parties to settle any future attorneys' fees claims. Andrews has now received a copy of the complaint, which Verner sent via e-mail on August 21, 2023, five days after filing the complaint earlier because of statute of limitations concerns.  The parties still can -- and have expressed an intent to -- engage in settlement discussions and/or mediation.

Finally, defendants move pursuant to Rule 42(a) to consolidate this case with the 2019 Action, which stemmed from Verner's representation of defendants' former employee in an arbitration against defendants and which was resolved by stipulation on August 27, 2020.  ECF No. 94; see supra 2 n.1. While district courts are given broad discretion in deciding

-4-

whether consolidation under Rule 42(a) is desirable, <u>Hall v. Hall</u>, 584 U.S. 59, 77 (2018), a court may not consolidate a pending case with a closed action, <u>Curtiss v. United States</u>, 778 F. App'x 56, 57 (2d Cir. 2019).  Moreover, these cases do not meet the criteria of relatedness under this Court's Local Civil Rule 13.  Thus, defendants' motion to consolidate is also denied.

Accordingly, having resolved all pending motions, the Clerk of the Court is respectfully directed to close the motions pending at ECF Nos. 84, 90, 91, 94, 103, and 108.


**SO ORDERED.**


Dated:   May 28, 2024
         New York, New York

_____
     NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE